UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDDIE LEWIS BREWSTER,

        Petitioner,               Case Number 06-10766-BC
                                            Honorable Thomas L. Ludington

v.

SUSAN DAVIS,

        Respondent.
_____/

## ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, GRANTING PETITIONER'S MOTION FOR STAY OF PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE

The petitioner, Eddie Lewis Brewster, through his attorney, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, presently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, challenges his 2002 conviction for first-degree home invasion. The respondent has filed a motion for summary judgment on the ground that the petition was filed out of time. Additionally before the Court is the plaintiffs motion for a stay of proceedings.

Following a jury trial in Wayne County Circuit Court, the petitioner was convicted of first-degree home invasion, Mich. Comp. Laws § 750.110(a)(2). On October 31, 2002, he was sentenced as a fourth habitual offender to twenty to forty years imprisonment. Thereafter, the petitioner filed an appeal of right in the Michigan Court of Appeals. On May 20, 2004, the court of appeals issued an opinion affirming the petitioner's conviction. *People v. Brewster*, No. 246820 (Mich. Ct. App. May 20, 2004).

The petitioner then filed an application for leave to appeal in the Michigan Supreme Court,

which was denied on November 22, 2004. *People v. Brewster*, 471 Mich. 920 (Mich. 2004). The petitioner subsequently filed the pending petition for a writ of habeas corpus on February 21, 2006. The respondent insists that the petitioner filed his application for a writ of habeas corpus out of time.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. The petitioner's application for habeas corpus relief was filed after April 24, 1996; therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The Sixth Circuit Court of Appeals has held that the one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). The petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on November 23, 2004, the day after the Michigan Supreme Court denied leave to appeal his conviction. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included").

The ninetieth day for the petitioner to file his petition for a writ of certiorari fell on February 20, 2005, which, as the petitioner points out, was a Sunday. When the last day of a period of time

prescribed by any rule or statute falls on a Saturday, Sunday or legal holiday, that day is not included in the ninety-day period. *See* Supreme Court Rule 30; *Bronaugh*, 235 F.3d at 284. Thus, the ninety-day period during which he could petition for a writ of certiorari elapsed on February 21, 2005. The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Bronaugh*, 235 F.3d at 285. As a result, the last day on which the petitioner could timely file a petition for a writ of habeas corpus in this Court was February 22, 2006, and the petition, filed on February 21, 2006, therefore was timely.

The petitioner, however, asks the Court to stay further proceedings in this matter so that he may return to state court and present certain unexhausted claims related to alleged ineffective assistance of counsel.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The petitioner argues that his unexhausted claims were not presented in state court because his attorney was ineffective. As a general rule, an appellate attorney cannot be expected to raise his or her own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court believes that the petitioner has asserted good cause for failing previously to present these claims in state court. In addition, it appears that these claims are not "plainly meritless" and

that the petitioner has not engaged in intentionally dilatory tactics. *See Rhines,* 544 U.S. at 277-78. The Court therefore will grant the motion and stay further proceedings in this matter pending the petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that the petitioner does not delay in exhausting his state court remedies, the Court imposes upon the petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). The petitioner must present his claims in state court within sixty days from the date of this order. *See ibid.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.; Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003) (holding that "the limitations period is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application"). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

Accordingly, it is **ORDERED** that the respondent's motion for summary judgment [dkt # 5] is **DENIED.**

It is further **ORDERED** that the petitioner's motion to stay proceedings [dkt # 20] is **GRANTED**. The petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be

considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: May 15, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 15, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS